**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| EVELYN HUNTER, individually and on behalf of all others similarly situated | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 20-cv-3134 |
| AUTOMATED HEALTH SYSTEMS, INC., a Pennsylvania corporation | ) ) ) | |
| Defendant. | ) ) | |

## NOTICE OF REMOVAL

Defendant, Automated Health Systems, Inc. ("AHS" or "Defendant"), pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, hereby removes *Evelyn Hunter v. Automated Health Systems, Inc.*, Case No. 2019 CH 02784, from the Circuit Court of Cook County, Illinois, County Department, Chancery Division, where it is currently pending, to the United States District Court for the Northern District of Illinois, Eastern Division. In accordance with 28 U.S.C. § 1446, AHS provides the following basis for removal:

## I.    INTRODUCTION

1.     Plaintiff filed this lawsuit on March 1, 2019, in the Circuit Court of Cook County, asserting claims under the Illinois Biometric Information Privacy Act ("BIPA"). AHS removed the case to federal court pursuant to the Class Action Fairness Act and diversity of citizenship jurisdiction. On February 20, 2020, after briefing by the Parties, this Court remanded the case back to state court on the grounds that Plaintiff lacked Article III standing because a violation of BIPA's notice and consent provisions does not constitute a concrete injury-in-fact.

2.      On May 5, 2020, the Seventh Circuit issued its opinion in *Bryant v. Compass Group USA, Inc*., 20-1443, 2020 WL 2121463 (7th Cir. May 5, 2020), which held just the opposite – that a violation of BIPA's notice and consent provisions *does* constitute a concrete injury-in-fact sufficient to confer Article III standing because it causes a plaintiff to lose the opportunity to make informed decisions regarding the disposition of her private biometric information.

3.      AHS now files this second Notice of Removal in light of the intervening decision in *Compass Group*, from which it has now become ascertainable that Article III standing is satisfied and this case is removable. *See, e.g.*, *Benson v. SI Handling Sys., Inc.*, 188 F.3d 780, 783 (7th Cir. 1999) (permitting successive attempts at removal where intervening events justify removal); *In re Mut. Fund Mkt.-Timing Litig.*, 468 F.3d 439, 444 (7th Cir. 2006) ("[P]reclusion does not block a successive removal if facts or law change after the initial remand.").

## II.      <u>STATEMENT OF JURISDICTION</u>

4.      The district court has original jurisdiction under the Class Action Fairness Act, 28 U.S.C. §§ 1332(d) and 1453 ("CAFA"), because it is a civil class action in which a member of the putative class is a "citizen of a State different from any defendant," and the amount in controversy exceeds the sum of five million dollars ($5,000,000), exclusive of interest and costs.

5.      Jurisdiction within the district court is proper and the action is timely and properly removed upon the filing of this Notice of Removal.

## III.      <u>THE STATE COURT ACTION AND THE FEDERAL ACTION</u>

6.      On March 1, 2019, Plaintiff, Evelyn Hunter ("Hunter" or "Plaintiff"), filed a Class Action Complaint and Demand for Jury Trial in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, Case No. 2019 CH 02784 (the "State Court Action"). Plaintiff concurrently moved for class certification on March 1, 2019. Summons was issued against AHS

on March 1, 2019. (A true and correct copy of the Complaint, Motion for Class Certification, and Summons are attached hereto as Exhibits A, B, and C). AHS's counsel accepted service of the Complaint, Motion for Class Certification, and Summons on April 10, 2019. (*See* Exhibit C).

7.  Plaintiff asserted claims in the State Court Action on behalf of herself and the putative class under the Illinois Biometric Information Privacy Act ("BIPA," 740 ILCS 14/1, *et seq.*). (*See* Exhibit A, ¶¶ 40-52). Plaintiff alleged that AHS required its employees to scan their fingerprints to punch in and out of work without first obtaining consent. (*Id.*, ¶¶ 5, 21-22, 29, 51). Specifically, Plaintiff alleged that AHS "fail[ed] to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information," "fail[ed] to inform Plaintiff and the Class in writing that their biometric identifiers and biometric information were being collected and stored," "fail[ed] to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used," and "fail[ed] to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information." (*Id.*, ¶¶ 46-50). Plaintiff defined the putative class as follows: "All residents of the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by Automated while residing in Illinois." (*Id.*, ¶ 35). Plaintiff alleged that the "exact number of Class members is unknown to Plaintiff at this time," but it is "at least hundreds of employees." (*Id.*, ¶ 36). Plaintiff, individually and on behalf of the class, seeks statutory liquidated damages for each of Defendant's alleged violations, and reasonable litigation expenses and attorneys' fees. (*Id.*, p. 12).

8.  AHS removed the State Court Action to this Court on April 15, 2019 in *Hunter v. Automated Health Systems, Inc.*, Case No. 19-cv-02529 (the "Federal Action"), asserting original

jurisdiction under diversity of citizenship and CAFA. (*See* Federal Action, Dkt. No. 1). That same day, AHS filed in the State Court Action its Notice to State Court and Adverse Parties of Removal of Action to the United States District Court. (A true and correct copy of AHS's Notice is attached hereto as Exhibit D). Plaintiff filed an Amended Class Action Complaint in the Federal Action on June 20, 2019. (Federal Action, Dkt. No. 18; a copy of the Amended Class Action Complaint in the Federal Action is attached as Exhibit E).

9.     The Federal Action remained pending in this Court until February 20, 2020 when, after briefing by both Parties, Judge Gettleman issued a Memorandum Opinion and Order remanding the Federal Action, finding that Plaintiff lacked Article III standing because only "bare procedural violation[s]" were alleged which did not create an "increased risk of harm that BIPA was designed to protect." (Federal Action, Dkt. No. 44, pp. 4-5). The remand order was transmitted to the Circuit Court of Cook County on March 6, 2020. (*Id.*, Dkt. No. 45). Since the remand of the Federal Action, there have been no filings or orders entered in the remanded State Court Action.

10.     Shortly thereafter, on May 5, 2020, the Seventh Circuit issued its opinion in *Bryant v. Compass Group USA, Inc*., 20-1443, 2020 WL 2121463 (7th Cir. May 5, 2020). *Compass Group* addressed the question of whether a violation of BIPA caused a concrete injury sufficient to support Article III standing, or whether it was a "bare procedural violation." *Id.* Breaking with the opinions of the district court (including this Court's remand order in the Federal Action), the Seventh Circuit found that a violation of the notice and consent provisions in Section 15(b) of BIPA create a concrete injury-in-fact because the plaintiff "los[t] the power and ability to make informed decisions about the collection, storage, and use of her biometric information." *Id.* at *8. Conversely, the Court ruled that a violation of Section 15(a) of BIPA, which requires employers to keep a publicly available data retention schedule and guidelines for permanently destroying

collected biometric identifiers and information, did not cause an injury-in-fact sufficient to support Article III standing because those obligations are owed "to the public generally, not to particular persons." *Id.* at *7.[1]

## IV. REMOVAL IS PROPER UNDER CAFA

11. 28 U.S.C. § 1441(a) allows for the removal of "any civil action brought in State court of which the district courts of the United States have original jurisdiction . . ." This action is removable because the district courts of the United States have original jurisdiction pursuant to CAFA. *See* 28 U.S.C. §§ 1332(d), 1453(b).

12. CAFA confers this Court with original jurisdiction over a class action lawsuit in which: (a) minimal diversity exists ("any member of a class of plaintiffs is a citizen of a State different from any defendant"); and (b) the amount in controversy exceeds the sum of five million dollars ($5,000,000). 28 U.S.C. § 1332(d).

### A. Plaintiff's Complaint and Amended Complaint Assert a Class Action

13. CAFA defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

14. Plaintiff moved for class certification pursuant to Illinois state law, specifically 735 ILCS 5/2-801, which is "patterned" after Federal Rule of Civil Procedure 23. *See, e.g.*, *Smith v. Illinois Cent. R.R. Co.*, 223 Ill. 2d 441, 447, 860 N.E.2d 332, 336 (2006).

15. Accordingly, 735 ILCS 5/2-801 is a "similar statute," and therefore CAFA applies to the State Court Action.

---

[1] *Compass Group* specifically cited this Court's remand order in the Federal Action and other similar district court opinions, reasoning that "[t]hese decisions are not binding on us, however, and they did not rest on the nature of the interest BIPA seeks to protect—personal or public, informational, or formal." 2020 WL 2121463 at *4.

16.     Further, on June 20, 2019, Plaintiff filed an "Amended Class Action Complaint" in this Court pursuant to Rule 23. (Exhibit E).

**B.      Minimal Diversity Exists**

17.     Minimal diversity exists here because a member of the class is a citizen of a State different from AHS.  Plaintiff is a citizen of the State of Illinois. (Exhibit A, ¶ 7; Exhibit E, ¶ 10). For purposes of diversity, a corporation is considered a citizen of the state in which it is incorporated and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). AHS is a corporation incorporated under the laws of the State of Pennsylvania, and has its principal place of business in the State of Pennsylvania, and is therefore a citizen of the State of Pennsylvania. (*See* Declaration of Joseph Cain, Federal Action, Dkt. No. 3-4, ¶ 4; Exhibit E, ¶ 11).

**C.      The Amount in Controversy Exceeds $5,000,000**

18.     The amount in controversy here theoretically "exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that the "claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6). CAFA's amount in controversy threshold is met here based on Plaintiff's allegations.

19.     The Complaint and Amended Class Action Complaint allege that the exact number of class members is unknown, but it is "at least hundreds of employees." (Exhibit A, ¶ 36; Exhibit E, ¶ 39). As to each of those "hundreds of employees," Plaintiff alleges at least seven separate violations of BIPA by AHS:

- "Automated continues to collect, store, and use its employees' biometric data in violation of the BIPA." (Exhibit A, ¶ 20);

- "Each time Plaintiff began and ended a workday, Automated required a scan of Plaintiff's fingerprints." (*Id.*, ¶ 29);

- "Plaintiff has **continuously** and **repeatedly** been exposed to the risks and harmful conditions created by Automated['s] violations of the BIPA alleged herein. (*Id.*, ¶ 33) (emphasis added);

- "Automated violated 740 ILCS 14/15(b)(3) by negligently failing to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information." (*Id.*, ¶ 47);

- "Automated violated 740 ILCS 14/15(b)(1) by negligently failing to inform Plaintiff and the Class in writing that their biometric identifiers and biometric information were being collected and stored." (*Id.*, ¶ 48);

- "Automated violated 740 ILCS 14/15(b)(2) by negligently failing to inform Plaintiff and the Class in writing of the specific purpose and length of the term for which their biometric identifiers or biometric information was being collected, stored, and used." (*Id.*, ¶ 49);

- "Automated violated 740 ILCS 14/15(a) by negligently failing to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric information." (*Id.*, ¶ 50).

The Amended Class Action Complaint expands on those allegations, adding an additional claim under Section 15(d) of BIPA for disclosure of biometric information without consent. (Exhibit E, Third Cause of Action).

20.     Individually and on behalf of the putative class, Plaintiff seeks statutory damages for each violation of BIPA.[2]  (Exhibit A, p. 12; Exhibit E, ¶¶ 51, 61, 70, Prayer for Relief). BIPA provides for liquidated damages of $1,000 for each negligent violation, and $5,000 for each

---

[2] Plaintiff appears to suggest that BIPA allows for the recovery of statutory damages under a "per scan" theory of liability, *i.e.,* that there is a separate violation for each and every time that Hunter or any member of the putative class clocked in or out of work (four times a day). AHS disputes this interpretation of BIPA, and takes the position that a plaintiff may only recover once for any specific violation of BIPA. Nonetheless, because no Court has ruled otherwise and the statutory language does not specify, and Plaintiff apparently intends to litigate the case as though each and every finger scan constitutes a separate violation of BIPA, the potential for additional violations per employee should be considered in determining the amount in controversy. *See* The Illinois Chamber's *Amicus* filing in *Rosenbach*, available at https://ilchamber.org/Resources/b3eef9c2-5bcd-4752-81e5-a42434d56d50/motion%20sixflags.pdf, at p. 10 (discussing the "per scan" theory of liability under BIPA).

intentional or reckless violation, and reasonable attorneys' fees and costs, including litigation expenses. 740 ILCS 14/20.

21.     Given that Plaintiff alleges that: (a) AHS purportedly violated BIPA at a minimum of seven times, and potentially thousands of times (under a "per scan" theory of liability) for Plaintiff and all members of the putative class; (b) each of those alleged violations subjects AHS to at least $1,000 in statutory liquidated damages; (c) there are "hundreds" of putative class members; and (d) Plaintiff and the class have incurred substantial attorneys' fees prior to this Notice of Removal,[3] the amount in controversy in this case exceeds the $5,000,000 threshold, thereby conferring this Court with jurisdiction over this matter. *See, e.g., Bloomberg v. Service Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much."); *Appert v. Morgan Stanley*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Spivey v. Vertrue*, 528 F.3d 982, 986 (7th Cir. 2008) (noting that for removal purposes under CAFA, defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is not "legally impossible").

### D.     CAFA Exceptions Do Not Bar Removal

22.     28 U.S.C. §§ 1332(d)(4), (d)(9) and 1453(d) list certain exclusions to federal jurisdiction. This action does not fall within any of those exclusions.

23.     28 U.S.C. § 1332(d)(4)(A) bars district courts from exercising jurisdiction over a class action when, among other things, "greater than two-third of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed"

---

[3] *See ABM Sec. Services, Inc. v. Davis*, 646 F.3d 475, 479 (7th Cir. 2011) ("[O]nly attorneys' fees incurred up to the time of removal [can] be included in the amount in controversy.").

and "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." Similarly, 28 U.S.C. § 1332(d)(4)(B) bars district courts from exercising jurisdiction over a class action when "two thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed." Neither of these exclusions apply because the only defendant in this case, AHS, is a citizen of Pennsylvania and is not a citizen of Illinois. (*See* Declaration of Joseph Cain, Federal Action, Dkt. No. 3-4, ¶ 4; Exhibit E, ¶ 11).

24.     Likewise, the exceptions in 28 U.S.C. §§ 1332(d)(9) and 1453(d) do not apply because this lawsuit was not brought under the Securities Act of 1933 or the Securities Exchange Act of 1934.

## V.     **ARTICLE III STANDING IS SATISFIED**

25.     Article III standing requires an injury that is both concrete and particularized. *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 615 (7th Cir. 2018).

26.     On May 5, 2020, the Seventh Circuit issued its opinion in *Bryant v. Compass Group USA, Inc*., 20-1443, 2020 WL 2121463 (7th Cir. May 5, 2020), which addressed the question of whether a violation of BIPA causes a concrete injury sufficient to support Article III standing, or whether it is a "bare procedural violation." *Id.* The Seventh Circuit found that a violation of the notice and consent provisions in Section 15(b) of BIPA cause a concrete injury-in-fact because a plaintiff "lose[s] the power and ability to make informed decisions about the collection, storage, and use of her biometric information." *Id.* at *8. Conversely, the appellate court ruled that a violation of Section 15(a) of BIPA, which requires employers to keep a publicly available data retention schedule and guidelines for permanently destroying collected biometric identifiers and information, did not cause an injury-in-fact sufficient to support standing because those obligations

are owed "to the public generally, not to particular persons." *Id.* at *7;[4] *see also Monroy v. Shutterfly, Inc.*, 16 C 10984, 2017 WL 4099846, at *8 (N.D. Ill. Sept. 15, 2017) (finding standing where, "[p]utting aside the question of whether a merely procedural or technical violation of the statute alone is sufficient to confer standing in light of *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), Monroy alleges that Shutterfly has violated his right to privacy."); *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 954 (N.D. Cal. 2018) ("A violation of the BIPA notice and consent procedures infringes the very privacy rights the Illinois legislature sought to protect by enacting BIPA. That is quintessentially an intangible harm that constitutes a concrete injury in fact.").

27. Here, Article III standing exists pursuant to *Compass Group*, as Plaintiff has alleged a concrete injury-in-fact arising out of alleged violations of Section 15(b) of BIPA. Specifically, Plaintiff alleged that AHS "fail[ed] to obtain written releases from Plaintiff and the Class before it collected, used, and stored their biometric identifiers and biometric information," "fail[ed] to inform Plaintiff and the Class in writing that their biometric identifiers and biometric information were being collected and stored," "fail[ed] to inform Plaintiff and the Class in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used," and "fail[ed] to publicly provide a retention schedule or guideline for permanently destroying its employees' biometric identifiers and biometric

---

[4] On May 19, 2020, Compass Group moved for rehearing on this portion of the Seventh Circuit's ruling, arguing that a violation of Section 15(a) of BIPA also creates an individualized injury-in-fact because the required data retention schedule and guidelines for destroying biometric data provide individuals with material information which they will use in deciding whether to share biometric information. *See Bryant v. Compass Group USA, Inc.*, Case No. 20-1443 (7th Cir.), at Docket Number 28. Compass Group also argues that the appellate court's ruling that a violation of Section 15(a) does not confer Article III standing creates a circuit split with the Ninth Circuit, which held the opposite in *Patel v. Facebook*, 932 F.3d 1264 (9th Cir. 2019). If the Seventh Circuit amends its ruling to hold that a violation of Section 15(a) of BIPA confers Article III standing, all claims asserted by Plaintiff here will be properly before this Court.

information." (Exhibit A, ¶¶ 46-50). Plaintiff expands on these allegations in her Amended Class Action Complaint. (*See* Exhibit E).

28.     The *Compass Group* analysis and reasoning also applies to Plaintiff's claims under Section 15(d) of BIPA in the Amended Class Action Complaint, as a dissemination of biometric information without consent necessarily deprives a plaintiff of the "ability to make informed decisions" about the disposition of her biometric information. *Compass Group*, 2020 WL 2121463 at *8.

29.     AHS removes this entire action notwithstanding that, pursuant to *Compass Group*, Plaintiff currently lacks standing to assert her claims under Section 15(a) of BIPA, as it is unclear whether partial removal of a case is procedurally appropriate under the Federal Rules of Civil Procedure or the case law of the Seventh Circuit. In *Bunch v. Nationwide Mut. Ins. Co*., C12-1238JLR, 2012 WL 12846993, at *3 (W.D. Wash. Sept. 12, 2012), the plaintiff had Article III standing for some, but not all of her claims, and the court addressed "whether to remand this particular claim to state court or dismiss it without prejudice." *Id.* at *3. The court determined that the non-justiciable claims should be dismissed without prejudice since the plaintiff could re-file those claims in state court if she wished. *Id.* at *4. Just as in *Bunch*, this Court should dismiss Plaintiff's BIPA Section 15(a) claims without prejudice following removal of this case.

## VI.     ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED

30.     28 U.S.C. § 1446(b)(1) provides that a notice of removal must be filed within 30 days after service of process of a complaint. An exception to that rule is found in 28 U.S.C. § 1446(b)(3), which provides that:

> Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion,

order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Subsection (c)(1) thereof states that a case may not be removed on the basis of 28 U.S.C. § 1446(b)(3) "more than 1 year after commencement of the action." 28 U.S.C. § 1446(c)(1).

However, the one-year limitation does not apply to cases removed under CAFA:

> A class action may be removed to a district court of the United States in accordance with section 1446 (**except that the 1-year limitation under section 1446(c)(1) shall not apply**), without regard to whether any defendant is a citizen of the State in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants.

28 U.S.C. § 1453(b) (emphasis added).

31.     Here, the one-year limitation period does not apply because AHS files this Notice of Removal pursuant to CAFA. *See* 28 U.S.C. § 1453(b). As Judge Gettleman ruled, this lawsuit was not initially removable under then-existing law because a plaintiff asserting claims under BIPA lacked Article III standing where no increased risk of harm was alleged. (Federal Action, Dkt. No. 44). It was first ascertainable that this action was removable upon the Seventh Circuit's issuance of the *Compass Group* opinion on May 5, 2020, in which the Court held that a violation of the notice and consent provisions in Section 15(b) of BIPA caused a concrete injury-in-fact sufficient to support standing. Accordingly, AHS's notice of removal is due thirty days after the issuance of the *Compass Group* opinion, or on or before June 4, 2020. *See* 28 U.S.C. § 1446(b)(3). The instant Notice of Removal is therefore timely. *See, e.g.*, *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 533 (7th Cir. 2008) (finding that removal was proper where it was based on an order in a different case which "resolved a legal uncertainty concerning the existence of original federal jurisdiction."); *Braun v. Janssen Research & Dev., LLC*, 17-CV-00756-DRH, 2017 WL 4224034, at *6 (S.D. Ill. Sept. 22, 2017) ("When a 'different case resolve[s] a legal uncertainty concerning the existence of original federal jurisdiction[,]' removal is allowed on that basis.").

-12-

32.     Similarly, the proper venue for removal is the "district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. The Northern District of Illinois, Eastern Division, hears cases in Cook County, Illinois. 28 U.S.C. 93(a)(1).

33.     Further, as required by 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and orders" served upon AHS in the State Court Action are being filed herewith as Exhibits A, B, C, and D. No other pleadings have been filed to date in the State Court Action.

34.     Pursuant to 28 U.S.C. § 1446(d), AHS will promptly serve on Plaintiff and file with the Circuit Court of Cook County, County Department, Chancery Division, a "Notice to State Court and Adverse Parties of Removal of Action to the United States District Court." *See* 28 U.S.C. § 1446(d).

## VII.   RESERVATION OF RIGHTS AND DEFENSES

35.     AHS hereby reserves all of its defenses and rights, and none of the foregoing shall be construed in any way as conceding the truth of any of Plaintiff's allegations or waiving any of AHS's defenses or objections. AHS denies that Plaintiff has stated a claim for which relief may be granted.

    **WHEREFORE**, Defendant, AHS, prays that *Evelyn Hunter v. Automated Health Systems Inc.*, Case No. 2019 CH 02784, currently pending in the Circuit Court of Cook County, Illinois, County Department, Chancery Division, be removed therefrom to this United States District Court for the Northern District of Illinois, Eastern Division.

-13-

Dated: May 27, 2020                          Respectfully submitted,

                                             AUTOMATED HEALTH SYSTEMS, INC.

                                             */s/ Corey T. Hickman*_____
                                             Attorney for Defendant




Jenny R. Goltz
Corey T. Hickman
COZEN O'CONNOR
123 N. Wacker Drive, Suite 1800
Chicago, Illinois  60606
Telephone: (312) 474-7900
Facsimile: (312) 474-7898
jgoltz@cozen.com
chickman@cozen.com

LEGAL\46484271\1