

**UNITED STATES DISTRICT COURT**
Northern District of Illinois
219 South Dearborn Street
Chicago, Illinois 60604

**Thomas G. Bruton**  312-435-5670
Clerk

Date 8/31/2020

Dorothy Brown, Clerk
Circuit Court of Cook County
Richard J. Daley Center
50 W. Washington Street
Chicago, IL  60602

Re:  Hunter v. Automated Health Systems, Inc.
USDC Case Number:  1:20-cv-03134
Circuit Court Case Number:  2019-CH-02784

Dear Clerk:

A certified copy of an order entered on 8/17/2020 by the Honorable Robert W. Gettleman, remanding the above-entitled case back to the Circuit Court of Cook County, Illinois is herewith transmitted to you for your files.

    Sincerely yours,
    Thomas G. Bruton, Clerk

    By: /s/ P. Janeczek
        Deputy Clerk

Enclosure(s)

Rev. 10/05/2016

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVELYN HUNTER *individually and on behalf of all others similarly situated*, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>AUTOMATED HEALTH SYSTEMS, INC., )<br>*a Pennsylvania corporation*, )<br>)<br>Defendant. ) | Case No. 20 C 3134<br><br>Judge Robert W. Gettleman |

## ORDER

On March 1, 2019, Plaintiff Evelyn Hunter filed a putative class action complaint in the Circuit Court of Cook County, Illinois against Defendant Automated Health Systems, Inc. alleging violations of Illinois' Biometric Information Privacy Act ("BIPA"). Defendant removed that action to this court in case number 19-cv-2529. On February 20, 2020, after reviewing the parties' position papers, this court, following the lead of other courts within the district, remanded the case back to the state court for lack of Article III standing. Hunter v. Automated Health Systems, Inc., 2020 WL 833180 (N.D. Feb. 20, 2020). Subsequently, on May 5, 2020, in an unrelated case, the Seventh Circuit held that allegations of violations of section BIPA section 15(b), but not section 15(a), supports Article III standing. Bryant v. Compass Group USA, Inc., 958 F.3d 617, 626 (7thCir. 2020). Defendant then removed the case again, citing Bryant as an intervening event that justifies removal. Plaintiff has moved to remand the case back to the state court. For the reasons described below, that motion is granted.

## DISCUSSION

This court originally remanded the case because it concluded that plaintiffs alleging a bare procedural violation of BIPA §15(b) lack standing. It is undisputed that <u>Bryant</u> held otherwise, that such allegations support Article III standing. The question before the court is whether the <u>Bryant</u> decision is triggering event for a second removal. It is not.

The issue is governed by 28 U.S.C. § 1446(b)(3) which provides that:

> Except as provided in subsection(c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Defendant argues that the <u>Bryant</u> decision is an "other paper" from which it could first ascertain that the case is or has become removable. As the Seventh Circuit noted in <u>Wisconsin v. Amgen, Inc.</u>, 516 F.3d 530, 533-34 (7th Cir. 2008), most courts have held that the language of the act "refers to … pleadings, etc., filed in the suit sought to be removed, not in some other suit ('amended' is a clue)." <u>Id.</u> (and cases cited therein). As the Amgen court explained, "[t]o allow a filing in another suit to restart the 30–day time limit would have [the] effect of belatedness by allowing removal years after a suit had been proceeding in a state court, because of the filing of another suit in another court." <u>Id.</u> at 534.

There are exceptions, but only when the "other case" involved the same issue and the same defendant. <u>See</u> e.g. <u>Bourda v. Caliber Auto Transfer of St. Louis, Inc.</u>, 2009 WL 2356141 at *2 (July 31, 2009) (citing <u>Doe v. American Red Cross</u>, 14 F.3d 196, 202-03 (3rd Cir. 1993)). Those exceptions do not apply here because <u>Bryant</u> did not involve the same defendant. Consequently, the court concludes that § 1446(b)(3) does not allow removal in the instant case. Plaintiff's

2

motion to remand is granted. Due to the novelty of the issue the court exercises its discretion and denies plaintiff's request for attorney's fees.

## CONCLUSION

For the reasons described above, plaintiff's motion to remand [Doc. 13] is granted.

**ENTER:   August 17, 2020**

*Robert W. Gettleman* (signature)
**Robert W. Gettleman**
**United States District Judge**

3

A TRUE COPY-ATTEST
THOMAS G. BRUTON, CLERK
By: s/ PATRYCJA JANECZEK
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN DISTRICT OF ILLINOIS
August 31, 2020